TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0317-KB

KENTUCKY BAR ASSOCIATION                                          MOVANT


V.                          IN SUPREME COURT


LEILA LOUISE HALE                                          RESPONDENT


### OPINION AND ORDER


On January 28, 2020, the State Bar of Nevada's Southern Nevada Disciplinary Board entered an order publicly reprimanding Respondent, Leila Louise Hale.[1]  Thereafter, the KBA filed a petition with this Court asking that we impose reciprocal discipline pursuant to SCR 3.435(4).  We ordered Hale to show cause why we should not impose such discipline and she did not respond.  Because Hale failed to show cause as to why we should not impose reciprocal discipline, this Court hereby publicly reprimands her, consistent with the order of the Nevada disciplinary authority.

---

[1] Hale was admitted to the practice of law in the Commonwealth of Kentucky on October 30, 2013.  Her bar roster address is 1661 West Horizon Ridge Parkway, Suite 200, Henderson, Nevada 89012, and her Kentucky Bar Association (KBA) number is 95811.

# I.  BACKGROUND

Rochelle Mortensen and Mahogeny Bennett retained Hale to represent them in personal injury claims.  Hale sent a non-attorney employee to visit both Mortensen and Bennett at their homes.  During these visits, the non-attorney employee presented the potential clients with retainer agreements and various other legal documents.  The agreements presented to both Bennett and Mortensen contained a provision which stated that in the event Hale's firm withdrew or was discharged early, a minimum "combined firm rate" of $1,000 per hour would be due for "all attorney and staff time."  The employee read through the documents with Mortensen and Bennett.  The employee also told Bennett liens could be filed if she switched counsel and told her it would be best if one attorney handled both her claims.

Nevada's disciplinary authority found the home visits constituted the unauthorized practice of law.  As a result, Hale's non-attorney employee's actions under her supervision violated Nevada's Rule of Professional Conduct 5.3 (lawyer's responsibilities regarding non-lawyer assistants).  The Nevada disciplinary authority also found the retainer agreement was unreasonable in violation of Rule of Professional Conduct 1.5 (regarding fees).  As a result of those violations, Hale was publicly reprimanded in Nevada.  The KBA notes that Kentucky's Supreme Court Rules 3.130-5.3 and 1.5 are comparable to Nevada's Rules of Professional Conduct 5.3 and 1.5.

## II. ANALYSIS

If an attorney licensed to practice law in this Commonwealth receives discipline in another jurisdiction, SCR 3.435(4) requires this Court to impose identical discipline subject to two possible exceptions. Pursuant to SCR 3.435(4), we impose reciprocal discipline as Hale failed to prove "by substantial evidence: (a) a lack of jurisdiction or fraud in the [Nevada] disciplinary proceeding, or (b) that misconduct established warrants substantially different discipline in this State." Furthermore, SCR 3.435(4)(c) requires this Court to recognize that "[i]n all other respects" a final adjudication of misconduct in another jurisdiction establishes conclusively the same misconduct for purposes of a disciplinary proceeding in Kentucky.

## III. ORDER

Having failed to timely show sufficient cause, it is hereby ORDERED as follows:

1. Hale is hereby guilty of violating SCR 3.130-5.3 and SCR 3.130-1.5 and is publicly reprimanded; and

2. Pursuant to SCR 3.450, Hale is directed to pay the costs associated with this proceeding, if any, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: October 29, 2020.

_____
CHIEF JUSTICE

3